PASQUALE DICAPRIO *vs.* CAMPANELLA & CARDI CONSTRUCTION COMPANY.

FEBRUARY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence. In the superior court a jury returned a verdict for the plaintiff and thereafter the trial justice granted the defendant's motion for a new trial. The defendant, however, has prosecuted its bill of exceptions to this court relying solely on its exception to a ruling of the trial justice denying its motion for a directed verdict, and waiving its other exceptions.

The case was previously before this court, *DiCaprio* v. *Campanella & Cardi Construction Co.*, 80 R. I. 55. There, as here, the defendant relied on an exception to the ruling of the trial justice denying his motion for a directed verdict. In that opinion a statement of the facts and a discussion of the pertinent questions of law were fully set out and we remitted the case to the superior court for a new trial on all issues. Consequently it will be unnecessary to repeat the facts since the material evidence introduced at the instant trial is substantially the same as in the previous trial.

The defendant contends that on the evidence plaintiff was guilty of contributory negligence as a matter of law. In effect there was only one slight addition to the evidence as it appeared in the retrial of the case and this addition is relied on by defendant as the basis for urging that the trial justice should have directed a verdict in its favor. It may be granted that the same evidence, respecting the speed at which plaintiff was traveling and concerning the weather conditions which limited visibility with headlights on high beam to not over 25 feet, appeared in both trials. The added testimony here given by an engineer was that an automobile proceeding at the speed testified to by plaintiff travels 29 feet per second.

In *DiCaprio* v. *Campanella & Cardi Construction Co.*, *supra*, we stated that considering the peculiar circumstances in evidence, we could not say that plaintiff was guilty of

contributory negligence as a matter of law, but that such issue was in the first instance a question of fact for the jury. Even after taking into consideration the added evidence above referred to, which was introduced at the trial now being reviewed, we are of the same opinion. In our judgment such evidence is in the circumstances not sufficient to change the question of plaintiff's alleged contributory negligence from one of fact for the jury, as we previously held, to one of law for the court. On that view of the evidence we deem it unnecessary to discuss certain authorities cited to us by the parties.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Francis I. McCanna, Robert R. Afflick,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan, Joseph H. Gainer, Jr.,* for defendant.